### COMMONWEALTH v. T. C. ASHENHURST, ET AL.

**Bail Bonds—Forfeiture.**
> When a defendant in a criminal cause is convicted before the magistrate, and in default of bond is remanded to the custody of the jailer, if he desires to give bond after that time he can only legally do so by written petition to the court indicating the persons offered as bail.

**Record of Bail.**
> To admit one to bail is to make an order to discharge a prisoner from actual custody on bail, and the court must make the order in writing it; and where it has not done so there is nothing to show that a defendant ever was discharged from custody on bail, and bail bonds taken in any other way than as prescribed by the statute are not enforcible.

#### APPEAL FROM CLINTON CRIMINAL COURT.

#### September 4, 1878.

OPINION BY JUDGE ELLIOTT:

In May, 1876, L. L. Shelby was arrested and tried before J. W. Johnson, police judge of the town of Albany, Clinton county, Kentucky, on four distinct charges of felony. The magistrate held the defendant over on each charge to appear at the next November term of the criminal court for the county. His bail was fixed on two of the charges at $200 each, and in one at $150 and the other $50.

At the next November term of the criminal court the defendant, Shelby, failed to appear, although he had given bail in each charge,

with appellees as his sureties so to do. At this court indictments were found on all the charges except the one on which he had been admitted to bail in the sum of fifty dollars, and at the March term of the same court an indictment was found on that charge.

An order of forfeiture of the bail bonds was taken and the sureties brought before the court, who filed their answer. To these answers the commonwealth demurred, and on hearing the court dismissed all four of the cases on the ground that the commonwealth had failed to make out a case of liability of them, and from those judgments the commonwealth has appealed.

At the time Shelby was tried and convicted before the magistrate in the four cases he failed to give bond, and was remanded to the custody of the jailer, and the forfeited bonds seem to have been executed and attested the next day; but whether the bonds were accepted by the court and the defendant discharged on bail does not appear either by the bond or any order of the magistrate.

If the prisoner were in jail, as he seems to have been in these cases, his application for bail should have been by written petition of himself or counsel, and indicating the persons offered as bail (Sec. 76, Myers's Code), none of which was done in this case. By Sec. 67, Myers's Code, it is said that "Admission to bail is an order from a competent court or magistrate that the defendant be discharged from actual custody on bail."

It was therefore the plain duty of the magistrate to make an order in each of these cases showing that the defendant was discharged from custody on bail. This he failed to do, and there is no evidence before this court that the defendant, Shelby, ever was discharged from custody on bail. It is true that by Sec. 80 many of the irregularities of the proceedings where a bail bond has been taken are overlooked in order to sustain its validity, but that section does not require that it shall be made to appear that the defendant was legally in custody charged with a public offense, and that he was discharged therefrom by reason of the giving of his bond or recognizance."

The fact that the defendant was discharged from custody on bail, which by a plain provision of the code it is the duty of the magistrate who takes the bail to show by written order, does not appear in this record, and as Sec. 80 does not dispense with evidence of the discharge of the prisoner on bail we are of opinion that the court's judgment dismissing each one of the suits should be sustained. The bail bond for fifty dollars could not have been en-

forced anyway because the defendant, Shelby, was bound over to appear at the circuit court, and the bond taken for his appearance at the criminal court; and besides, he was not indicted on the offense charged at the next term of the court after the execution of the bond; and as no indictment was found at the term at which he was ordered to appear his bail were discharged from their obligations as such.

Wherefore the judgment of the court in each of these cases is *affirmed*.

*Moss, for appellant. J. A. Brents, for appellees.*